# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS E. BUSKIRK, | Case No. 1:14-cv-01249-AWI-SKO (PC) |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| CALIFORNIA DEPT. OF CORRECTIONS & REHABILITATION, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

### First Screening Order

**I.  Screening Requirement and Standard**

Plaintiff Nicholas E. Buskirk, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 8, 2014. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.    Discussion**

    **A.    Allegations**

Plaintiff, who is currently incarcerated at California Correctional Institution in Tehachapi, California, brings this action against Warden K. Holland; Associate Warden C. Worland; Medical Doctors Nanditha Kongara and A. Nicks; Registered Nurses N. Kimble and S. Gessel; Licensed Vocational Nurse P. Heide; Captain Hawk; Sergeant Kelly; Correctional Officer Dahl; and Lieutenant Townsend.[1]  Plaintiff alleges that on April 30, 2014, he was sent outside in a severe windstorm by custody staff. A tree fell on Plaintiff and he was taken to the medical clinic, where he was denied proper care. Plaintiff alleges that he should have been taken to an outside hospital.

---

[1] The California Department of Corrections and Rehabilitation ("CDCR"), while named in the caption, is not listed as a defendant. Plaintiff may not sue CDCR in any event, as it is a state agency entitled to Eleventh Amendment immunity from suit. *E.g.*, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012); *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010).

1  Instead, he was forced to walk up and down a hill to get X-rays, and he did not receive an MRI or
2  a CT scan.  Plaintiff alleges that he asked for tests and treatment, but he has not received any
3  treatment since that day and he has not received any tests to determine if or how badly his body
4  was damaged.

### B.   Eighth Amendment Violations

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934.  Based on the nature of Plaintiff's allegations, his claims are construed as brought for violation his rights under the Eighth Amendment of the United States Constitution, which requires prison officials to provide adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).  Not every injury that a prisoner sustains while in prison represents a constitutional violation, however. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  With respect to the windstorm, Plaintiff's complaint is devoid of facts supporting a claim that the named defendants knowingly disregarded a substantial risk of harm to his safety. *Farmer*, 511 U.S. at 847; *Foster*, 554 F.3d at 812.  Regarding Plaintiff's unspecified injuries, his complaint does not set forth any facts supporting a claim that he had any serious medical needs which were knowingly disregarded by the defendants, causing him harm, *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff's assertion that he was not sent to an outside hospital or provided

with an MRI or a CT scan falls well short of supporting a claim for violation of the Eighth Amendment.  *Snow*, 681 F.3d at 988; *Wilhelm*, 680 F.3d 1113, 1122-23.

### III.    Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff is advised that liability may not be imposed under a theory of *respondeat superior*; some causal connection between the conduct of each named defendant and the violation at issue must exist.  *Iqbal*, 556 U.S. at 676-77; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Finally, Plaintiff is cautioned that an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state any claims under section 1983.

IT IS SO ORDERED.

Dated:   **March 16, 2015**                           /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28